IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-02086-REB-CBS

OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, AFL-CIO, CLC, and
OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, AFL-CIO, CLC, LOCAL 109

     Plaintiffs,

v.

AIR METHODS CORPORATION,

     Defendant.

## ORDER CONCERNING MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the following motions: 1) defendant's **Motion for Summary Judgment** [#21]; and 2) **Plaintiffs' Motion for Summary Judgment** [#23], both filed June 1, 2007. The plaintiffs filed a response to the defendant's motion, and the defendant filed a reply in support of its motion. The defendant filed a response to the plaintiffs' motion. I grant the plaintiffs' motion, and I deny the defendant's motion.[1]

### I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1331 (federal question) and § 1337(a) (claim under act of Congress regulating commerce).

---

[1] The issues raised by and inherent to the motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that the hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A movant who will bear the burden of proof at trial must submit evidence to establish every essential element of its claim. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

## III. BACKGROUND

The plaintiffs are unions that represent certain employees employed in Colorado. Defendant Air Methods Corporation provides air medical transportation services in Colorado. Air Methods employs pilots under the terms of a collective bargaining

agreement (CBA) that was negotiated by Air Methods and the plaintiff unions. The collective bargaining agreement is attached to the plaintiffs' memorandum in support of their motion for summary judgment [#24] as Exhibit 1.

The Railway Labor Act (RLA) governs disputes between air carriers, such as Air Methods, and their employees, with the purpose of avoiding interruptions to commerce that might result from such disputes. 45 U.S.C. § 152. Article 7 of the CBA established the System Board of Adjustment (System Board), in compliance with the Railway Labor Act. 45 U.S.C. § 184. Under Article 7.2 of the CBA, the System Board has jurisdiction over timely filed and appropriately processed grievances arising out of the interpretation and application of the provisions of the CBA relating to rates of pay, rules, working conditions, discipline, and discharge. The System Board does not have the authority to add to, subtract from, or otherwise alter or disregard the terms of the CBA.

On June 22, 2006, the plaintiff unions filed a grievance against Air Methods under the terms of the CBA. *Plaintiffs' memorandum in support of motion for summary judgment* [#24], filed June 1, 2007, Exhibit 2 (Grievance Form). The grievance raises two issues. First, the grievance says that "AMC refuses to pay represented Pilots who perform a workover and ultimately work in excess of twelve (12) hours during a workover shift in a manner consistent with the spirit and intent of Article 17 [of the CBA]." *Id*. Second, the grievance says "AMC refuses to pay represented Pilots at their straight time hourly rate of pay . . . for work performed in excess of twelve (12) hours in a duty shift up to fourteen (14) hours at their straight time hourly rate of pay (*sic*) in accordance with the spirit and intent of Article 17 - Section 17.4 [of the CBA]."

The System Board found in favor of the unions on the first issue, finding unanimously that "(a)ll hours worked during a workover shift will be paid, including

retroactively, at the appropriate workover rate (1.5X base pay, not to include ACCRA/supplements)." *Plaintiffs' memorandum in support of motion for summary judgment* [#24], filed June 1, 2007, Exhibit 3 (Award). The System Board deadlocked on the second issue, and, thus, did not resolve that issue. *Id.*

As stated in the grievance, the first issue in the grievance concerns Article 17 of the CBA. Sections 17.3 and 17.4 are the key provisions of the CBA that are relevant to the first issue. Sections 17.3 and 17.4 read as follows:

Section 17.3   Workover Pay

Effective January 1, 2006 Pilots shall receive one-and-one-half times (1-1/2 X) their normal daily rate, excluding supplemental pay and ACCRA. A workover shift is defined as being scheduled for and reporting for work on a regularly scheduled day off that was not the result of a trade or swap.

Section 17.4   Overtime

All work performed in excess of twelve (12) hours in a duty shift up to fourteen (14) hours shall be paid at the straight time hourly rate. Thereafter the Pilot's (sic) shall be paid at the Workover rate. Such payment shall be based on the actual termination time of the flight plus 15 minutes.

Air Methods has refused to comply with the System Board's Award. The plaintiff unions filed this lawsuit seeking to enforce the System Board's Award on the first issue in the grievance. Air Methods argues that enforcement of the System Board's decision is improper because the System Board exceeded its authority in issuing its decision.

### IV.  ANALYSIS

My review of the System Board's decision is very narrow. The RLA establishes mandatory procedures for the resolution of both major and minor disputes. ***Continental Airlines, Inc. v. International Broth. of Teamsters***, 391 F.3d 613, 616 (5th Cir. 2004).

> A "minor" dispute arises "out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working

4

conditions." *Id*. at 303, 109 S.Ct. 2477. Thus, a minor dispute arises out of the enforcement of an existing CBA. *Id*. Under the RLA, minor disputes must be resolved through binding arbitration before an adjustment board established by the union and the employer. *Id*.

*Id*. at 617.  The issue in the present case is a minor dispute because it concerns the enforcement of an existing CBA.

Generally, arbitration awards arising from minor disputes are reviewable by a district court on narrow grounds. Specifically, judicial review is limited to (1) whether the Board failed to comply with the RLA; (2) whether the Board failed to conform or confine itself to matters within the scope of its jurisdiction; and (3) whether the Board's decision was the result of fraud or corruption. 45 U.S.C. § 153(q)(2004). Normally, an award is deemed to be within the Board's jurisdiction when it is grounded in the CBA. ***See Delta Queen Steamboat Co. v. Dist. 2 Marine Eng'rs Beneficial Ass'n***, 889 F.2d 599, 602 (5th Cir.1989). Absent one of these grounds, an award is binding upon the parties and the findings are conclusive. ***Eastern Air Lines, Inc. v. Transport Workers Union***, 580 F.2d 169, 172 (5th Cir.1978). Unless a court concludes that the Board's interpretation of the contract is "wholly baseless and completely without reason," the Board's interpretation must stand. *Id*. *(quoting **Gunther v. San Diego & Ariz. Eastern Ry. Co.***, 382 U.S. 257, 261, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965)).

*Id*.

Air Methods argues that the System Board's award must be vacated for two

reasons. First, Air Methods claims that the award is the product of a procedural irregularity because the System Board severed the two issues raised in the grievance and treated them separately. Air Methods says the System Board did not have the authority to sever the two issues without the consent of the unions and Air Methods, which consent the Systems Board did not have. Second, Air Methods argues that the Systems Board exceeded its jurisdiction because it disregarded the provisions of the CBA and effectively amended the CBA when it resolved the first issue in the grievance. I disagree with both contentions.

### A. Procedural Irregularity

If a procedural irregularity in a CBA arbitration procedure results in fundamental unfairness, an arbitration award may be subject to reversal on judicial review. ***See, e.g., Int'l Broth. of Elec. Workers, Local Union 1823 v. WGN of Colorado, Inc.***, 615 F. Supp. 64, 66 (D. Colo. 1985). The procedures required in a particular CBA generally must be followed. Air Methods has not cited any provision of law or any provision in the CBA, which prohibits the System Board from addressing separately, or severing, the two issues raised in the grievance. Nothing in the record indicates that the severance of the two issues was prohibited. Air Methods notes that the System Board sought permission from the parties to sever the two issues in the grievance and that Air Methods objected to severance. Because the System Board sought permission to sever, Air Methods argues, the System Board must not have had the authority to sever without permission.

The fact that the System Board sought permission to sever does not demonstrate that the System Board did not have authority to sever without permission. Absent some authority for the contention that the System Board was prohibited from severing the two issues without permission, I cannot conclude that the severance in this case constitutes a

6

procedural irregularity. Further, even if the severance was a procedural irregularity, the current record bears little indication that such an irregularity resulted in fundamental unfairness to either of the parties.

### B. Action In Excess of Jurisdiction

Air Methods argues that the System Board exceeded its jurisdiction because its award effectively ignores and eliminates the first sentence of Section 17.4, which says: "All work performed in excess of twelve (12) hours in a duty shift up to fourteen (14) hours shall be paid at the straight time hourly rate." Again, the award requires that Pilots be paid at the workover rate, which is one-and-one-half times their base pay, for all hours worked in a workover shift, including work performed in excess of 12 hours and up to 14 hours. If a Pilot is paid one-and-one-half times their base pay during hours 12 through 14 of a workover shift, Air Methods argues, then the requirements of Section 17.4, quoted above, are being ignored and effectively written out of the CBA.

Again, unless the System Board's interpretation of the contract is wholly baseless and completely without reason, the System Board's interpretation must stand. The System Board did not provide an explanation for its ruling, but I conclude that its ruling readily can be reconciled with a reasonable interpretation of the CBA. Again, Section 17.3, titled Workover Pay, provides that Pilots shall receive one-and-one-half times their normal daily rate during a workover shift. Section 17.3 contains no limitation on the number of hours subject to this pay requirement. Section 17.4 concerns overtime generally and provides, in essence, that overtime is payable for work beyond 14 hours in a shift. Of course, overtime can occur during shifts other than workover shifts.

An effort to reconcile these two provisions can lead to different interpretations that are reasonable. One of those reasonable interpretations is an interpretation that the

specific provisions of Section 17.3, which are directed specifically and only to workover pay, control over the more general provisions of Section 17.4, which cover overtime. Permitting a specific term to control over a more general term is an interpretive approach that is reasonable and that is used often. This reasonable interpretation is consistent with the ruling of the System Board in this case. I reject Air Methods' argument that this interpretation is unreasonable because it renders Section 17.4 meaningless. Overtime can occur in circumstances other than a workover shift. Therefore, Section 17.4 still applies when a Pilot works overtime on a shift that is not a workover shift.

## C. Conclusion

The System Board's severance of the issues in the plaintiffs' grievance does not constitute a procedural irregularity. The System Board's Award in this case is supported by a reasonable interpretation of the CBA. Therefore, I cannot conclude that the System Board's interpretation of the contract is wholly baseless and completely without reason. Accordingly, the System Board's Award must stand.

## V. CONCLUSION & ORDERS

Viewing the undisputed facts in the record in the light most favorable to Air Methods, I conclude that the plaintiffs, the Office and Professional Employees International Union, AFL-CIO, CLC, and the Office and Professional Employees International Union, AFL-CIO, CLC, Local 109, are entitled to summary judgment on their claim for enforcement of the System Board's award. For the same reason, I conclude that Air Method's motion for summary judgment must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Motion for Summary Judgment** [#21], filed June 1, 2007, is **DENIED**;

2. That the **Plaintiffs' Motion for Summary Judgment** [#23], filed June 1, 2007, is **GRANTED**;

3. That the award of the System Board of Adjustment entered in response to the plaintiffs' June 22, 2006, Grievance From, as shown in *Plaintiffs' memorandum in support of motion for summary judgment* [#24], filed June 1, 2007, Exhibit 2 (Grievance Form), Exhibit 3 (Award), is **UPHELD**;

4. That the defendant, Air Methods Corporation, is **ORDERED** to comply with the Award of the System Board of Adjustment;

5. That **JUDGMENT SHALL ENTER** in favor of the plaintiffs, the Office and Professional Employees International Union, AFL-CIO, CLC, and the Office and Professional Employees International Union, AFL-CIO, CLC, Local 109, against the defendant, Air Methods Corporation;

6. That the plaintiffs, the Office and Professional Employees International Union, AFL-CIO, CLC, and the Office and Professional Employees International Union, AFL-CIO, CLC, Local 109, are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That any motion for an award of attorney fees **SHALL BE FILED** on or before **February 8, 2008**, with any response and reply to be marshaled under D.C.COLO.LCivR 7.1.C.

Dated January 24, 2008, at Denver, Colorado.

                                                **BY THE COURT:**

                                                **s/ Robert E. Blackburn**
                                                **Robert E. Blackburn**
                                                **United States District Judge**