IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02086-REB-CBS

OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL
UNION, AFL-CIO, CLC, and
OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL
UNION, AFL-CIO, CLC, LOCAL 109,
    Plaintiffs
v.

AIR METHODS CORPORATION,
    Defendant.

---

RECOMMENDATION REGARDING PLAINTIFFS' MOTION
FOR ATTORNEY'S FEES AND COSTS

---

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on the Motion for Attorney's Fees and Costs filed on February 8, 2008 by Plaintiffs Office and Professional Employees International Union, AFL-CIO, CLC and Office and Professional Employees International Union, AFL-CIO, CLC, Local 109 (hereinafter "Plaintiffs") (doc. # 49). Plaintiffs seek an award of attorneys fees and costs incurred in connection with litigation filed in the District Court to enforce an arbitration award issued by the System Board of Adjustment. The instant motion argues that fees and costs were unnecessarily incurred in this case simply by virtue of Air Methods' unwarranted refusal to comply with that arbitration award. Defendant Air Methods Corporation filed its Response to Plaintiffs' Motion for Attorneys' Fees and Costs (doc. # 51) on February 20, 2008. On February 11, 2008, the District Court referred the pending motion to the Magistrate Judge. The court has reviewed the instant motion and related briefs, the entire case file, the applicable law, and is sufficiently advised in the premises. For the reasons discussed below, I recommend that Plaintiffs'

Motion be denied.[1]

## PROCEDURAL BACKGROUND

This court will presume the readers' familiarity with the District Court's Order Concerning Motions for Summary Judgment (doc. # 47) and will therefore only highlight those facts germane to the pending motion. The instant litigation arises from a grievance Plaintiffs filed against Air Methods on June 22, 2006. That grievance raised two issues that were referred to the System Board of Adjustment (hereinafter "System Board" or "Board") pursuant to Article 7.2 of the parties' collective bargaining agreement and the Railway Labor Act (RLA), 45 U.S.C. § 152, which governs disputes between air carriers and their employees. As to the first issue, involving Air Methods' alleged refusal "to pay represented Pilots who perform a workover and ultimately work in excess of twelve (12) hours during a work over shift," the System Board found in favor of Plaintiffs. The System Board deadlocked on the second issue, which addressed Air Methods' alleged failure to "to pay represented Pilots at their straight time hourly rate of pay . . . for work performed in excess of twelve (12) hours in a duty shift up to fourteen (14) hours at their straight time hourly rate of pay." This issue was not resolved by the System Board. After Air Methods failed to comply with the System Board's award, Plaintiffs filed this lawsuit to enforce the award on the first issue. Both sides filed motions for summary judgment on June 1, 2007.

The District Court's Order Concerning Motions for Summary Judgment delineated the limited scope of its review authority.

---

[1] While Plaintiffs' motion does not purport to seek dispositive relief, the formal label of a motion is not determinative for purposes of 28 U.S.C. § 636(b)(1)(A). Given the nature of the relief sought, the court will treat the instant motion as dispositive in its effect. *Cf. Insurance Co. of North America v. Bath,* 968 F.2d 20 (10th Cir. 1992) (motion for attorney's fees, even if post-judgment, should be considered dispositive); *Easiley v. Norris*, 107 F. Supp.2d 1332, 1333 (N.D. Okla. 2000) (for purposes of referral to a magistrate judge, a motion for attorney's fees should be considered dispositive).

> Generally, arbitration awards arising from minor disputes are reviewable by a district court on narrow grounds. Specifically, judicial review is limited to (1) whether the Board failed to comply with the RLA; (2) whether the Board failed to conform or confine itself to matters within the scope of its jurisdiction; and (3) whether the Board's decision was the result of fraud or corruption. Normally, an award is deemed to be within the Board's jurisdiction when it is grounded in the [collective bargaining agreement]. Absent one of these grounds, an award is binding upon the parties and the findings are conclusive.

*See* doc. # 47 at 5 [internal citations omitted].

Applying this standard of judicial review, the District Court rejected Air Methods' claim of procedural irregularity based upon the System Board's decision to sever the two issues raised in Plaintiffs' grievance. The District Court noted that "Air Methods has not cited any provision of law or any provision in the [collective bargaining agreement], which prohibits the System Board from addressing separately, or severing, the two issues raised in the grievance." *Id.* at 6.

> Absent some authority for the contention that the System Board was prohibited from severing the two issues without permission, I cannot conclude that severance in this case constitutes a procedural irregularity. Further, even if the severance was a procedural irregularity, the current record bears little indication that such an irregularity resulted in fundamental unfairness to either of the parties.

*Id.* at 6-7.

As to Air Method's contention that the System Board exceeded its jurisdiction, the District Court concluded that the Board's ruling could be reconciled with a reasonable interpretation of the collective bargaining agreement. However, the Order also noted that the System Board had not provided any explanation for its ruling and conceded that efforts to reconcile Sections 17.3 and 17.4 of the collective bargaining agreement "can lead to different interpretations that are reasonable." *Id.* at 7. Consistent with its limited scope of review, the District Court "[could not] conclude that the System Board's interpretation of the contract is

3

wholly baseless and completely without reason," and therefore denied Air Methods' motion for summary judgment. *Id*. at 8. The District Court directed that "any motion for an award of attorneys fees **SHALL BE FILED** on or before February 8, 2008." *Id*. at 9.

## ANALYSIS

While their briefs cite different judicial precedents, the parties largely agree on the legal standard that must govern the instant request for attorney fees and costs. In the absence of applicable contract terms or statutory provisions, attorney fees generally are not recoverable by the prevailing party in litigation. *Pound v. Airosol Company, Inc.*, 498 F.3d 1089, 1101 (10th Cir. 2007). The United States Supreme Court has recognized a limited exception to the "American Rule," however, where the non-prevailing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.[2] *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975); *Painters Local # 171 v. Williams & Kelly, Inc.*, 605 F.2d 535, 538-39 (10th Cir. 1979). This "bad faith" exception to the American Rule is punitive in nature and, therefore, must be exercised with restraint. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 and 53 (1991).

The Tenth Circuit has set a "high bar for bad faith awards" out of concern that "those with colorable, albeit novel, legal claims would be deterred from testing those claims in a federal court." *Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 954 (10th Cir.

---

[2] A similar standard is incorporated in 28 U.S.C. § 1927, which permits a court to impose sanctions in the form of excess costs, expenses and attorneys' fees where an attorney multiplies "the proceedings in any case unreasonably and vexatiously." *White v. American Airlines, Inc.*, 915 F.2d 1414 1427 (10th Cir. 1990) ("Section 1927 awards are appropriate 'only in instances evidencing a serious and standard disregard for the orderly process of justice'"). "Actions are considered vexatious and unreasonable if the attorney acts in bad faith . . . or if the attorney's conduct constitutes a reckless disregard for the duty owed by counsel to the court." *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp.2d 1140, 1144 (D. Colo. 2000).

4

2006) (citing *Sterling Energy, Ltd. v. Friendly National Bank*, 744 F.2d 1433 (10th Cir. 1984)). "In order to fall within the exceedingly narrow bad faith exception to the general rule, there must be clear evidence that the challenged claim 'is entirely without color *and* has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.'" *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006) (noting that the bad faith exception "requires more than a showing of a weak or legally inadequate case," and is only appropriate "in exceptional cases and for dominating reasons of justice") (quoting *F.T.C. v. Freecom Communications, Inc.*, 401 F.3d 1192, 1201 (10th Cir. 2005) and *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1488 (10th Cir. 1984)). *But see AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997) ("all parties to a federal action have an obligation to act in good faith and with proper purpose") (quoting *National Info Services, Inc. v. TRW*, 51 F.3d 1470, 1472 (9th Cir. 1995)). In the final analysis, attorney fees in an action to enforce an arbitration award are discretionary with the court. *United Steel Workers of America, AFL-CIO-CLC v. Ideal Cement Company, Division of Ideal Basic Industries, Inc.*, 762 F.2d 837, 843 (10th Cir. 1985).

This court cannot conclude, on balance, that the legal positions advanced by Air Methods were vexatious or asserted in bad faith. Plaintiffs correctly note Air Methods' failure to cite any law or contract provision in support of its claim of procedural irregularity. That shortcoming, in different circumstances, might suggest a claim so lacking in merit as to be frivolous. However, Air Methods' claim of procedural irregularity was combined with a jurisdictional argument that had some colorable basis. *Cf. GTE North, Inc. v. Communication Workers of America*, 927 F. Supp. 296, 302 (N.D. Ind. 996) (holding that sanctions should not be imposed for unreasonably and vexatiously multiplying litigation where a legal theory is objectively colorable, even when the

5

court ultimately rejects such a legal theory). Air Methods' failure to persuade the District Court of the merits of its position, standing alone, does not warrant an award of fees. *Cf. U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1244 (10th Cir. 1988) (the failure to prevail at trial does not necessarily imply that an appeal was vexatious); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (holding that an appeal is not frivolous when the appellant's arguments have merit and the result on appeal is not obvious). As the District Court acknowledged, an effort to reconcile the relevant provisions of the collective bargaining agreement "can lead to different interpretations that are reasonable." Although the District Court ultimately found Air Methods' legal arguments unpersuasive, I cannot conclude that they were completely frivolous or based upon a wanton or vexatious motive. *Cf. Lews v. Circuit City Stores, Inc.*, 500 F.3d 1140, 1154 (10th Cir. 2007). *See also Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir. 1981) ("invocation of the bad faith exception to the normal federal rule that attorney's fees may not be recovered requires more than a showing of a weak or legally inadequate case").

I also do not find evidence in the record to suggest that Air Methods conducted this litigation in a wanton manner or for purposes of harassment or delay. The parties' Fed.R.Civ.P. Scheduling Order acknowledged the parties' expectation that no formal discovery would be taken. Indeed, the Scheduling Order made clear that neither party would take depositions, designate experts or serve written discovery. Dispositive motions were filed by the June 1, 2007 deadline established in the Scheduling Order. All briefing on the competing summary judgment motions required only 43 pages of text. Under the circumstances, I do not find that Air Methods' approach to this litigation was either inappropriate or particularly onerous. *Cf. Reyes v. Banco Santander de P.R., N.A.*, 583 F. Supp. 1444, 1446 (D. P.R. 1984) (holding that sanctions under

6

18 U.S.C. § 1927 were not warranted where proceedings in the case were kept streamlined, simple and within the normal bounds of litigation).

Accordingly, for the foregoing reasons, this court recommends that Plaintiffs' Motion for Attorney's Fees and Costs (filed February 8, 2008) (doc. # 49) be DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 10th day of April, 2008.

BY THE COURT:

 s/Craig B. Shaffer
United States Magistrate Judge